The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

XIAOSI HU,

           Plaintiff,

   v.

CYNTHIA MUNITA, et. al.,

           Defendant.

Civil Action No. 2:19-cv-01302-RAJ

**ORDER ON MOTION FOR ATTORNEYS' FEES**

This matter is before the Court on Plaintiff's motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"). Dkt. # 18. For the following reasons, the Court **GRANTS** the motion in part.

## I.   BACKGROUND

On August 16, 2019, Plaintiff Xiaosi Hu ("Plaintiff") petitioned this Court to review his naturalization application pursuant to 8 U.S.C. § 1447(b). After Plaintiff filed a motion for summary judgment (Dkt. # 15), the parties stipulated to remand the case to United State Citizenship and Immigration Services ("USCIS") for "prompt adjudication" of Plaintiff's naturalization application. Plaintiff's application was subsequently approved, and Plaintiff now seeks to recover attorneys' fees and expenses incurred in this action under the EAJA. Dkt. # 18. The Government does not dispute that Plaintiff is

ORDER - 1

entitled to fees under the EAJA but objects to Plaintiff's request for fees at an enhanced rate. Dkt. # 21.

## II. DISCUSSION

The EAJA provides for an award of fees to the prevailing party in a civil action against the United States where: (1) the party seeking fees qualifies as the "prevailing party," (2) the government has failed to meet its burden of showing that its positions were substantially justified, or that special circumstances make an award of fees unjust, and (3) the requested fees and costs are reasonable. *Abdur-Rahman v. Napolitano*, 868 F. Supp. 2d 1158, 1160 (W.D. Wash. 2012) (citing *United States v. Milner*, 583 F.3d 1174, 1196 (9th Cir. 2009)). Here, it appears the Government does not challenge Plaintiff's status as a "prevailing party" or that he is entitled to at least some fees under the EAJA. *See generally* Dkt. #21. Instead, the Government objects solely to the reasonableness of Plaintiff's requested fees.

### A. **Entitlement to Enhanced Fees**

The EAJA permits fees at a statutory rate of $125 per hour, adjusted for inflation, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A) (ii). Plaintiff requests fees well in excess of the statutory rate, specifically, $775 per hour for work Mr. Gibbs and $350 per hour for work by Ms. Collins. Plaintiff also seeks an additional $4,995 in expenses for the time spent by declarants Margaret Stock and Christopher Strawn who submitted declarations in support of this motion and Plaintiff's motion for summary judgment.

The Ninth Circuit applies a three-part test to determine whether enhanced fees are appropriate: "(1) the attorney must possess distinctive knowledge and skills developed through a practice specialty; (2) those distinctive skills must be needed in the litigation; and (3) those skills must not be available elsewhere at the statutory rate." *Natural Res.*

ORDER - 2

*Def. Council, Inc. v. Winter*, 543 F.3d 1152, 1158 (9th Cir. 2008) (internal quotations and citations omitted).

Plaintiff argues that his counsel possesses the "distinctive knowledge and skills" necessary to litigate this action. Mr. Gibbs is clearly and accomplished and skilled immigration attorney, with substantial experience handling naturalization actions. Dkt. # 26-1 at 7. He has practiced immigration law for over three decades, serving as a founding board member of the Northwest Immigrant Rights Project, and adjunct professor of immigration law at the University of Washington Law School. Dkt. # 18-1 at 2-3. Mr. Gibbs has also been a past chairman of the Washington Chapter of the American Immigration Lawyer Association ("AILA") and lecturer on immigration topics at statewide CLEs sponsored by the Washington State Bar Association, the American Immigration Lawyers Association, and other organizations. *Id.* Plaintiff also offers the declaration of an immigration specialist who attests that Mr. Gibbs is highly skilled, with significant federal court experience. Dkt. # 18-1 at 19. Ms. Collins is also an experienced immigration attorney, with previous experience as an attorney advisor for the U.S. Department of Justice, Executive Office for Immigration Review. Dkt. # 18-1 at 7. While the Government argues that specialized experience handling MAVNI cases specifically is necessary to obtain enhanced fees, the Court does not read this requirement so narrowly. Overall, the Court is satisfied that Plaintiff has sufficiently established that his attorneys possess "distinctive knowledge and specialized skill."

For purposes of awarding an enhanced rate, however, it is not enough to show that Plaintiff's counsel had specialized skill. Plaintiff must also show that the specialized skill or knowledge was required for the work performed on this case. *See Nadarajah v. Holder*, 569 F.3d 906, 912 (9th Cir. 2009) (EAJA statutory rate may be enhanced "where the attorneys possess distinctive knowledge and specialized skill that was needful to the litigation in question and not available elsewhere at the statutory rate.") (internal

ORDER - 3

quotation marks and citation omitted). Plaintiff argues that his case implicated a "particularly complex intersection of naturalization law" specifically, the MAVNI program. Dkt. # 18 at 12; Dkt. # 18-1. The Government objects, arguing that Plaintiff's case was a "straightforward claim under 8 U.S.C. § 1447(b)" (Dkt. # 21 at 9) and that an understanding of MAVNI was not necessary to obtain a remand order. Dkt. # 21 at 11. The Court disagrees. In this case, Plaintiff's counsel was not seeking a remand order, but rather an adjudication on the merits of Plaintiff's naturalization application. Such a determination would have required the Court to consider the MAVNI statute, including context regarding the MAVNI background processes as applied to Plaintiff. As a result, counsel's particular legal expertise was necessary to give Plaintiff a "fair shot" at prevailing in this MAVNI action.

Finally, Plaintiff argues that he was unable to identify other qualified attorneys to litigate his case. Plaintiff attests that he attempted to contact several other attorneys and that qualified counsel was not available at the statutory maximum rate given the complexity of the case and time pressures. Dkt. # 19 at ¶ 4. In support of Plaintiff's assertion, Mr. Strawn attests that there are few attorneys in Seattle with the expertise and willingness to bring a case of this complexity in federal court. Dkt # 18-1 at 18-19. On this record, the Court finds that qualified counsel was not available for this litigation at the maximum rate provided under EAJA.

### B. Reasonableness of Requested Fees and Costs

Although the Court concludes that enhanced fees are appropriate, Plaintiff still must show that the requested enhanced rates are "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Nadarajah*, 569 F.3d at 916 (citing *Blum v. Stenson*, 465 U.S. 886, 895 & n. 11 (1984). Here, the Court questions the reasonableness of Plaintiff's requested rate of $775 per hour for Mr. Gibbs and $350 per hour for Ms. Collins.

ORDER - 4

Plaintiff offers very little evidence to support Mr. Gibbs' requested rate. In the two 2019 cases relied upon heavily by Plaintiff, the Court awarded another highly skilled and experienced immigration attorney only $450 per hour. *See Fatty v. Nielsen*, No. C17-1535 MJP, 2019 WL 1979321, at *4 (W.D. Wash. May 3, 2019), *Aden v. Nielsen*, No. C18-1441 RSL, 2019 WL 6683512, at *2 (W.D. Wash. Dec. 6, 2019). And the hourly rate of the "nationally recognized expert on MAVNI" cases appears to be between $500 and $600. Dkt. # 26-2, Ex. B. Even assuming Mr. Gibbs is *significantly* more qualified than the attorneys in both of those cases, nothing before the Court justifies the proposed rate.[1] Most recently, the Ninth Circuit awarded Mr. Gibbs himself a $650 hourly rate in connection with an appeal of a Board of Immigration Appeals decision. *See Rodriguez-Pena v. Sessions,* Ninth Circuit No. 15-73879 (Nov. 29, 2018).

Given the prevailing market rates for specialized and highly experienced immigration attorneys specializing in complex litigation, the Court determines that an hourly rate of $650 is more appropriate. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *see also Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (courts may rely on their own knowledge of customary rates and their experience concerning reasonable and proper fees). This rate is "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."

The Court is even more skeptical regarding Ms. Collins' proposed rate. The sole basis for Ms. Collins' $350 hourly rate appears to be an application of the *Laffey* matrix, a measure employed by the D.C. Circuit to calculate hourly rates for attorneys at non-profit organizations. Dkt. # 18-1 at 21. However, the Court questions the applicability of this metric as there appear to be very few cases applying the *Laffey* matrix to requests for

ORDER - 5

EAJA fees in the Ninth Circuit.[2]  On this record, the Court simply cannot justify the proposed hourly rate.  Accordingly, Ms. Collins' rate will be lowered to the inflation-adjusted statutory rate of $205.25.[3]  The Court finds the remaining claimed rates are reasonable.

The Government also objects to the hours claimed by Plaintiff's counsel.  Dkt. # 21 at 11-2.  On balance, the requested hours are reasonable with a few modifications.  The Court will reduce the hours requested for Mr. Vasey's work, as stipulated in Plaintiff's reply brief.  Dkt. # 25-1 at 5. Additionally, the Court will reduce Plaintiff's requested fees associated with preparing the instant motion for fees due to counsel's failure to fully meet and confer.  This Court's standing order clearly *requires* parties to meet and confer with the opposing party prior to filing any motion.  Specifically, it provides:

> Counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The Court construes this requirement strictly. Half-hearted attempts at compliance with this rule will not satisfy counsel's obligation . . .  All motions must include a declaration by counsel briefly describing the parties' discussion and attempt to eliminate the need for the motion and the date of such discussion. Filings not in compliance with this rule may be stricken.

Dkt. # 3 at 4.  Plaintiff's counsel insists that he did inform the Government that he intended to seek attorneys' fees (at a $650 hourly rate) and that the Government indicated that it would oppose enhanced fees.  Dkt. # 26 at 6.  However, nothing in the record suggests that counsel contacted the Government prior to filing the instant motion to

---

[2] The Laffey matrix also appears to be disfavored by the Ninth Circuit. *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010).

[3] Annually adjusted rates are published here: https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited May 5, 2020).

ORDER - 6

discuss the substance of the motion and any potential resolution.  In fact, it is clear such a conversation did not occur as the Government does not dispute a significant portion of the motion.  Dkt. # 21 at 12.  Although the Court will not strike the motion, it will reduce Plaintiff's request for attorneys' fees associated with this motion by 15%, including any fees associated with Mr. Strawn's declaration.

Plaintiff seeks an additional $4,995 in expenses for the time spent by declarants Margaret Stock and Christopher Strawn who submitted declarations in support of Plaintiff's motion for summary judgment and the instant motion.  The Government objects, arguing that Ms. Stock's declaration was unnecessary for Plaintiff to prevail on his § 1447(b) claim.  The Court disagrees.  As discussed above, Plaintiff was not seeking a boilerplate remand order, but rather a substantive determination on the merits.  Ms. Stock's declaration was relevant to the relief sought.

### III.   CONCLUSION

For the above reasons, Plaintiff's motion is **GRANTED** in part.  Plaintiff is awarded attorney fees and costs under the EAJA in the amount of $38,927.80.

DATED this 6th day of May, 2020.

_____

The Honorable Richard A. Jones
United States District Judge

ORDER - 7